NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STEFAN A. ROBINSON, | : | Civil No. 09-1411 (FLW) |
| Plaintiff, | : | |
| v. | : | **O P I N I O N** |
| JOHN MAINE, etc., | : | |
| Defendant. | : | |

**APPEARANCES:**

    STEFAN A. ROBINSON, Plaintiff Pro Se
    Anne Klein Forensic Center
    P.O. Box 7717
    West Trenton, New Jersey 08628

**WOLFSON**, District Judge:

    Plaintiff, a person who has been involuntarily committed to the Anne Klein Forensic Center, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, the Court grants Plaintiff's application to proceed in forma pauperis as a non-prisoner and directs the Clerk to file the Complaint without prepayment of the filing fee.[1] See 28 U.S.C. § 1915(a). Having thoroughly reviewed Plaintiff's allegations, the Court will dismiss the Complaint.

---

[1] Plaintiff is not required to pay the filing fee in installment payments pursuant to 28 U.S.C. § 1915(b) because he is not a "prisoner." See 28 U.S.C. § 1915(h).

### I.  BACKGROUND

Using a Prisoner Civil Rights Complaint form, Plaintiff seeks an order directing John Maine, CEO of the Anne Klein Forensic Center, and Dr. Elizabeth Hogan, to release him from confinement.  Plaintiff asserts that he has been incarcerated at Forensic Center since 2002 under Krol status, first as a voluntary patient and then based on an order of involuntary commitment.  Plaintiff alleges that defendants are keeping him confined on involuntary commitment status because they contend that he is a danger to others due to his mental illness.  For relief, Plaintiff asks this Court to issue an order directing defendants to discharge Plaintiff from confinement.

### II.  LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court to review a complaint in a civil action in which the plaintiff is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2)(B).  The Court is required to dismiss any claim which is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

### III.  DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989). Liberally construing Plaintiff's allegations and accepting them as true, the Court reads Plaintiff's Complaint as challenging his involuntary confinement at Anne Klein Forensic Center. The Court will now examine the Complaint to determine whether dismissal of any claim or Defendant is required by 28 U.S.C. § 1915(e)(2)(B).

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court held that a person may not obtain equitable relief under 42 U.S.C. § 1983 releasing him from confinement. See also Wolff v. McDonnell, 418 U.S. 539, 554 (1974). The Court ruled that when person in custody is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500. If an equitable remedy were available under § 1983 for a person challenging the fact or duration of his confinement pursuant to a state judgment, then that person could evade the requirement contained in the federal habeas statute that he exhaust available state court relief prior to seeking federal intervention. See 28 U.S.C. § 2254(b)(1), (c). The Supreme Court explained in Preiser:

> In amending the habeas corpus laws in 1948, Congress clearly required exhaustion of adequate state remedies as a condition precedent to the invocation of federal judicial relief under those laws. It would wholly frustrate explicit congressional intent to hold that [inmates] could evade this requirement by the simple expedient of putting a different label on their pleadings. In short, Congress has determined that habeas corpus is the appropriate

3

> remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.

Preiser, 411 U.S. at 489-90.

The relief requested by Plaintiff in the instant Complaint - release from New Jersey's forensic center - is not cognizable under § 1983. Plaintiff's exclusive federal remedy is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 which requires the exhaustion of available state court remedies. Because Plaintiff's challenge to his confinement is not cognizable under § 1983, the Court is constrained to dismiss the Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint.

The Court will enter an appropriate Order.

      s/Freda L. Wolfson
      **FREDA L. WOLFSON, U.S.D.J.**

Dated:   December 9, 2009